# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| Plaintiff, | |
| v. | HON. John Michael Vazquez |
| **RWJ BARNABAS HEALTH, INC.** | No. 2:22-cv-03416 |
| and | |
| **SAINT PETER'S HEALTHCARE SYSTEM, INC.,** | |
| Defendants. | |

### [PROPOSED] ORDER GRANTING
### MOTION FOR CONFIDENTIALITY ORDER

Upon consideration of Plaintiff Federal Trade Commission's Unopposed Motion for Entry of Confidentiality Order,

**IT IS HEREBY ORDERED THAT** the Motion is Granted.

**IT IS FURTHER ORDERED THAT**, for the purpose of protecting the interests of the parties and third parties in the above-captioned matter against improper use and disclosure of confidential information produced in connection with this matter, this Confidentiality Order shall govern the handling of all Discovery Material as hereafter defined.

1.      As used in this Order, "Confidential Material" shall refer to any document or portion thereof that contains privileged information, competitively sensitive information, or sensitive personal information. "Sensitive personal information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial information, credit card or debit card number, driver's license number, state-issued identification number, passport number, date of birth (other than year), and any sensitive health information identifiable by individual, such as an individual's medical records. "Document" shall refer to any discoverable writing, recording, transcript of oral testimony, or electronically stored information in the possession of a party or a third party. "Commission" shall refer to the Federal Trade Commission ("FTC"), or any of its employees, agents, attorneys, and all other persons acting on its behalf, excluding persons retained as consultants or experts for purposes of this proceeding.

2.      Any document or portion thereof produced by a Defendant or a third party during Plaintiff's investigation or during the course of this proceeding that is entitled to confidentiality under the Federal Trade Commission Act, or any other federal statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information that discloses the substance of the contents of any Confidential Materials derived from a document

subject to this Order, shall be treated as Confidential Material for purposes of this Order. The identity of a third party producing such Confidential Material shall also be treated as Confidential Material for the purposes of this Order where the producing party has requested such confidential treatment.

3. The parties and any third parties, in complying with informal discovery requests, disclosure requirements, or discovery demands in this proceeding may designate any responsive document or portion thereof as Confidential Material, including documents obtained by them from third parties pursuant to discovery or as otherwise obtained.

4. The parties, in conducting discovery from third parties, shall provide to each third party a copy of this Order so as to inform each third party of his, her, or its rights herein.

5. A designation of confidentiality shall constitute a representation in good faith, after careful determination that the material is not reasonably believed to be already in the public domain, that counsel believes the material so designated constitutes Confidential Material as defined in Paragraph 1 of this Order.

6. Material may be designated as confidential by placing on or affixing to the document containing such material (in such manner as will not interfere with the legibility thereof), or, if an entire folder or box of documents is confidential, by placing or affixing to that folder or box, the designation "CONFIDENTIAL – FTC

V. RWJ AND SAINT PETER'S," "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER," or any other similar notice, together with an indication of the portion or portions of the document considered to be Confidential Material. Confidential information contained in electronic data or documents may also be designated as confidential by placing the designation "CONFIDENTIAL – FTC V. RWJ AND SAINT PETER'S," "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER," or any other similar notice, on the face of the CD or DVD or other medium on which the document is produced. Masked or otherwise redacted copies of documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor.

7. Confidential Material shall be disclosed only to: (a) the Court presiding over this proceeding, personnel assisting the Court, the Plaintiff, Plaintiff's employees, and personnel retained by Plaintiff as experts or consultants for this proceeding; (b) judges and other court personnel of any court having jurisdiction of any appellate proceeding involving this matter; (c) outside counsel of record for any Defendant, their associated attorneys, and other employees of their law firm(s), provided they are not employees of a Defendant; (d) anyone retained to assist outside counsel in the preparation or hearing of this proceeding

including consultants, provided they are not affiliated in any way with a Defendant and have signed an agreement to abide by the terms of the confidentiality order; and (e) any witness or deponent who may have authored or received the information in question, or otherwise would have had access to the Confidential Material in question in the ordinary course of business.

8. Disclosure of Confidential Material to any person described in Paragraph 7 of this Order shall be only for the purposes of this proceeding and the related FTC administrative proceeding, and any appeals of either proceeding, and for no other purpose whatsoever, provided, however, that the Commission may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Confidential Material as provided by its Rules of Practice; sections 6(f) and 21 of the Federal Trade Commission Act; or any other legal obligation imposed upon the Commission.

9. Should any Confidential Material appear in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed *in camera*. To the extent that such material was originally produced by a third party, the Party including the materials in its papers shall notify the producing party of such inclusion before the filing of such papers with the Court. Confidential Material contained in the papers shall continue to have *in camera* treatment until further

order of the Court, provided, however, that such papers may be furnished to persons or entities who may receive Confidential Material pursuant to Paragraphs 7 or 8. Upon or after filing any paper containing Confidential Material, the filing party shall file on the public record a duplicate copy of the paper that does not reveal Confidential Material. Further, if the protection for any such material expires, a party may file on the public record a duplicate copy which also contains the formerly protected material.

10. If counsel plans to introduce into evidence at the hearing any document or transcript containing Confidential Material produced by another party or by a third party, counsel shall provide reasonable notice to the other party or third party for purposes of allowing that party to seek an order that the document or transcript be granted *in camera* treatment. If that party wants *in camera* treatment for the document or transcript, the party shall file a motion with the Court within 5 days after it receives such notice. Except when an order for *in camera* is issued, all documents and transcripts shall be part of the public record. When *in camera* treatment is granted, a duplicate copy of such document or transcript with the Confidential Material deleted therefrom may be filed on the public record.

11. If any party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Material produced by another party or third party in this action, the recipient of the

discovery request shall promptly notify the producing party of receipt of such request. Unless a shorter time is mandated by an order of a court of competent jurisdiction, such notification shall be in writing served on the producing party at least 10 business days before production and shall include a copy of this Confidentiality Order. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Order to challenge or appeal any discovery request requiring production of Confidential Material, to subject itself to any penalties for non-compliance with any such request, or to seek any relief from the Court. The recipient shall not oppose the producing party's efforts to challenge the disclosure of Confidential Material. Nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

     12.    When any consultant or other person retained to assist counsel in this action concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential information. At the conclusion of this proceeding, including the exhaustion of judicial review, the parties shall return or destroy documents obtained in this action to the producing parties, provided, however, that

the Commission's obligation to return documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. § 4.12.

13. The provisions of this Confidentiality Order, insofar as they restrict the communication and use of confidential discovery material, shall, without written permission of the producing party or further order of the Court, continue to be binding after the conclusion of this proceeding, and this Court retains jurisdiction over any disputes arising out of this Confidentiality Order.

**SO ORDERED**, this _____ day of _____, 2022.

_____
United States District Judge